[Cite as *HSBC Bank USA, Natl. Assn. v. Surrarrer*, 2013-Ohio-5594.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100039**

# HSBC BANK USA, NATIONAL ASSN.

PLAINTIFF-APPELLEE

vs.

# THOMAS P. SURRARRER, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED IN PART, REVERSED
IN PART, AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-761438

**BEFORE:**  Celebrezze, P.J., Keough, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**  December 19, 2013

**ATTORNEY FOR APPELLANTS**

Stephen J. Futterer
38052 Euclid Avenue
Suite 105
Willoughby, Ohio   44094


**FOR APPELLEES**

**For HSBC Bank USA, N.A.**

Robert A. West, Jr.
Thompson Hine, L.L.P.
3900 Key Center
127 Public Square
Cleveland, Ohio   44114

Scott A. King
Thompson Hine, L.L.P.
Austin Landing I
10050 Innovation Drive, Suite 400
Miamisburg, Ohio   45342


**For Mortgage Electronic Registration Systems**

Mortgage Electronic Registration Systems, pro se
1901 E. Voorhees Street
Suite C
Danville, Illinois   61834

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Appellants, Thomas P. and Sharon C. Surrarrer, seek reversal of the decision of the trial court foreclosing on their home and granting summary judgment in favor of appellee, HSBC Bank USA, N.A. ("HSBC"), as Trustee for Home Equity Loan Trust Series Ace 2005-SD2 (the "Trust"), on their claims for breach of contract. The Surrarrers argue that HSBC breached the mortgage agreement, committed fraud, and HSBC does not have standing to bring a foreclosure action. After a thorough review of the record and law, we affirm in part, reverse in part, and remand for further proceedings.

## I. Factual and Procedural History

{¶2} The Surrarrers purchased a home for $250,000 in 2002 using $212,500 from a home mortgage loan from Delta Funding Corp. The property subject to mortgage consisted of two adjacent lots. The Surrarrers claim that Cuyahoga County did not properly credit property tax payments made at the time of sale and improperly billed them for taxes owed before they purchased the home. Delinquencies in property tax payments began to accrue. Cuyahoga County took notice of the sale price and increased the property valuation of the two lots to $250,000 a few years after the sale. This raised the amount of levied property taxes, which continued to go unpaid. Under the mortgage, property taxes were not included in the monthly mortgage payment, but were to be paid by the Surrarrers. They also became delinquent in their mortgage payments for several

periods during the life of the loan. The Surrarrers also went through bankruptcy proceedings, but were able to submit a lump sum payment to reinstate their mortgage.

{¶3} The Surrarrers were initially notified on March 18, 2002 that Key Bank U.S.A., N.A. ("Key Bank") would be servicing their mortgage. The mortgage was assigned twice. First, Delta Funding Corp. assigned the mortgage to Key Bank, as evidenced by a recorded assignment dated November 28, 2003, and filed December 8, 2003. The assignment was made by Orion Financial Group, Inc., as attorney in fact for Delta Funding Corp., but no power of attorney was recorded for this transfer. Next, the mortgage was assigned by Key Bank to the Trust. HSBC submitted an affidavit that stated Key Bank executed an allonge to the note, endorsing it in blank and delivering possession of the note to the Trust, but no allonge appears in the record. This, the affidavit claimed, was the second allonge to the note, but there is no evidence of any allonges. An assignment of mortgage from Key Bank to the Trust was executed July 6, 2006, and recorded July 18, 2006. Wells Fargo Bank, N.A., d.b.a. America's Servicing Company ("Wells Fargo"), was designated servicer of the mortgage for HSBC from 2005 through the time of foreclosure.

{¶4} Wells Fargo took several steps that the Surrarrers allege were improper. Wells Fargo determined that the Surrarrers had failed to pay property taxes for several years and had let their home insurance lapse. So, on October 17, 2005, Wells Fargo advanced $123 for "forced place" home insurance for a lapse in coverage from June 1, 2005 to June 19, 2005. Wells Fargo also paid real estate taxes on behalf of the

Surrarrers. Wells Fargo paid a total of $45,850.53 for past due property taxes. Wells Fargo set up an escrow account for the payment of property taxes with a delinquent balance of $35,228.80 as of January 25, 2010. The Surrarrers allege that Wells Fargo misapplied payments they made that were supposed to be applied to the principal and interest of their mortgage loan to fees and real estate taxes and then charged additional fees and interest.

{¶5} The Surrarrers entered into a loan modification agreement with Wells Fargo on November 27, 2009. There, they agreed to capitalize outstanding interest into principal and extend the period of the loan. The new monthly payment would be $2,425.07, with $1,542.55 going toward principal and interest. However, this did not include payments for property taxes previously advanced by Wells Fargo, which was not addressed in the modification. Wells Fargo set up a payment plan where the Surrarrers could repay the past due property tax balance over 36 months interest free. The total monthly payment was about $3,209.16. The Surrarrers made one partial payment under the modification agreement and then stopped making any payments.

{¶6} Wells Fargo sent a notice of default with an opportunity to cure on June 15, 2010. Then, on August 8, 2011, HSBC filed a foreclosure complaint. The Surrarrers responded with an answer and counterclaim.[1] Therein they asserted claims for breach of contract, fraud, promissory estoppel, and sought declaratory relief asserting HSBC lacked

---

[1] This also included a third-party claim against Cuyahoga County, which was later voluntarily dismissed.

standing. The matter was referred to a magistrate for hearing. HSBC filed a motion to dismiss for failure to state a claim on all of the Surrarrers' counterclaims. On February 6, 2012, the trial court granted HSBC's motion except for the breach of contract claim. HSBC then filed an answer, and a discovery schedule was set. At its end, HSBC filed a motion for summary judgment on its foreclosure action and the Surrarrers' counterclaim. The Surrarrers opposed the motion asserting that HSBC did not have standing and that HSBC had breached the mortgage agreement. On March 19, 2013, the magistrate issued a decision granting HSBC's motion. The Surrarrers filed objections with the trial court. These objections were overruled by the trial court on May 24, 2013, when it adopted the magistrate's decision and ordered the Surrarrers' home sold at sheriff's sale. This timely appeal followed where the Surrarrers raise two assignments of error:

I. The trial court erred in judgment entry overruling objections and adopting magistrate's decision.

II. The trial court erred in granting summary judgment for plaintiff against defendants Thomas P. Surrarrer and Sharon C. Surrarrer on claims of plaintiff and counterclaim of defendants.

## II. Law and Analysis

### A. Standing

{¶7} First, the Surrarrers claim that HSBC does not have standing to sue because no power of attorney relating to Delta Funding Corp.'s assignment of the mortgage to Key Bank was recorded. They also claim a lack of standing because no trust agreement for the Trust was recorded.

{¶8} A party must have standing to commence an action. This requires "some real interest in the subject matter of the action." *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas*, 35 Ohio St.2d 176, 179, 298 N.E.2d 515 (1973). Further, in Ohio, Civ.R. 17(A) governs the procedural requirement that a complaint be brought in the name of the real party in interest. Whether standing has affirmatively been established is a question of law reviewed de novo by this court. *Deutsche Bank Natl. Trust Co. v. Rudolph*, 8th Dist. Cuyahoga No. 98383, 2012-Ohio-6141, ¶ 16.

{¶9} In a foreclosure action, the current holder of the note and mortgage is the real party in interest. *Wells Fargo Bank, N.A. v. Stovall*, 8th Dist. Cuyahoga No. 91802, 2010-Ohio-236, ¶ 15, citing *Chase Manhattan Mtge. Corp. v. Smith*, 1st Dist. Hamilton No. C-061069, 2007-Ohio-5874. Further, "a party may establish its interest in the suit, and therefore have standing to invoke the jurisdiction of the court when, at the time it files its complaint of foreclosure, it either (1) has had a mortgage assigned or (2) is the holder of the note." *CitiMortgage, Inc. v. Patterson*, 8th Dist. Cuyahoga No. 98360, 2012-Ohio-5894, ¶ 21, citing *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214.

{¶10} Here, HSBC has an interest in the mortgage demonstrated by recorded mortgage assignments from the original mortgagee to itself, which were recorded prior to filing its action. These assignments are included in the record and demonstrate HSBC's standing in this case.

**{¶11}** The Surrarrers claim that these assignments are invalid because there was no power of attorney recorded for the first assignment and no trust documents recorded for the second one. However, the Surrarrers lack the ability to challenge the validity of the assignments. In addressing the identical argument, we have held in a line of cases that

> [mortgagors] and other similarly situated appellants lack standing to make this argument. Specifically, when a mortgagor * * * is not a party to the transfer agreement, and his contractual obligations under the mortgage are not affected in any way by the assignment, the mortgagor lacks standing to challenge the validity of the assignment.

*Deutsche Bank Trust Co. v. Newble*, 8th Dist. Cuyahoga No. 99372, 2013-Ohio-5019, ¶ 20, citing *Deutsche Bank Natl. Trust Co. v. Rudolph*, 8th Dist. Cuyahoga No. 98383, 2012-Ohio-6141, ¶ 25; *Bank of New York Mellon Trust Co. v. Unger*, 8th Dist. Cuyahoga No. 97315, 2012-Ohio-1950, relying on *Bridge v. Aames Capital Corp.*, N.D. Ohio No. 1:09 CV 2947, 2010 U.S. Dist. LEXIS 103154 (Sept. 28, 2010); *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657.

**{¶12}** The Surrarrers argue their claims are distinguishable in that they were harmed by the assignment because they did not know to whom to send payments or if their payments were late or misapplied. However, this does not relate to their present breach of the conditions of the note. These assignments occurred in 2003 and 2005. The Surrarrers were current as of the modification agreement in 2010. Therefore, any injury has no bearing on standing in the present case.

### B. Summary Judgment

{¶13} The magistrate and trial court granted summary judgment in favor of HSBC on its claim for foreclosure and on the Surrarrers' claim for breach of contract. This court reviews that decision de novo.

{¶14} Under Civ.R. 56, summary judgment is appropriate when (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party.

{¶15} On a motion for summary judgment, the moving party carries an initial burden of setting forth specific facts that demonstrate its entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, summary judgment is appropriate only if the nonmoving party fails to establish the existence of a genuine issue of material fact. *Id.* at 293.

{¶16} To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present "evidentiary quality materials" establishing: (1) that the plaintiff is the holder of the note and mortgage or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) that the mortgagor is in default; (4) that all conditions precedent have been met; and (5) the amount of principal and interest due. *See, e.g., United States Bank, N.A. v. Adams*, 6th Dist. Erie No. E-11-070, 2012-Ohio-6253, ¶ 10.

{¶17} While a party who demonstrates it possesses the mortgage may have standing to seek foreclosure, in order to succeed, that party must also demonstrate rights to enforce the note. "Promissory notes are negotiable and may be transferred to someone other than the issuer." *HSBC Bank USA v. Thompson*, 2d Dist. Montgomery No. 23761, 2010-Ohio-4158, ¶ 45. In order for one other than the payee to enforce the note, the note must be *negotiated* to another who then becomes the *holder* of the note. "Negotiate" and "holder" are defined terms in Article Three of the Uniform Commercial Code adopted in Ohio. Negotiation "means a voluntary or involuntary transfer of possession of an instrument by a person other than the issuer to a person who by the transfer becomes the holder of the instrument." R.C. 1303.21(A). "After negotiation, an entity is a holder '[i]f the instrument is payable to an identified person [and] the identified person [is] in possession of the instrument[,]'" or, if it is payable to the bearer, anyone in possession. *Wells Fargo Bank N.A. v. Freed*, 3d Dist. Hancock No. 5-12-01, 2012-Ohio-5941, ¶ 22, quoting R.C. 1301.01(T)(1)(b), repealed in Am.H.B. No. 9, 2011 Ohio Laws.[2]

{¶18} Here, the Trust is not the "identified person" on the note, so in order to be a holder, the note must be signed over to it or to bearer. This requires that the note be negotiated. In this case, negotiation requires "a transfer of possession * * * of an instrument and its endorsement by the holder" because the note is payable to an identified person. R.C. 1303.21(B). *See also* UCC Section 3-201. Contrary to HSBC's assertions made before the trial court and this court that it is the holder of the note, there

<hr>

[2] Repealed and renumbered as R.C. 1301.201. Am.H.B. No. 9, effective June 29, 2011.

is no documentary evidence in the record that the note has been endorsed, therefore HSBC cannot be the holder.

{¶19} There is another class of individuals that may enforce a note. R.C. 1303.31 lists not only holders, but also nonholders in possession with rights of a holder as those capable of enforcing negotiable instruments. *Mtge. Electronic Registration Sys., Inc. v. Vasick*, 6th Dist. Lucas No. L-09-1129, 2010-Ohio-4707, ¶ 33. HSBC cannot be a nonholder in possession unless it can show a clear right to enforce the note leading all the way back to Delta Funding Corp., and that it has possession of the note.

{¶20} The magistrate and the trial court found that HSBC was a non-holder in possession of the note under R.C. 1303.31, and therefore had standing to enforce it. The magistrate's decision states that HSBC submitted uncontroverted evidence that is in possession of the note. However, HSBC's own evidence indicates that it is not in possession of the note. The affidavit submitted by Angela Frye, Wells Fargo's Vice President of Loan Documentation, indicates that Wells Fargo, as servicer of the mortgage, is in possession of the note. This same affidavit also indicates that two allonges were executed, the first to Key Bank and the second in blank. The affidavit refers to an attached certified copy of the note, but there is no indication of any allonge with the note. The affidavit has material inaccuracies that cast doubt on its reliability.

{¶21} Excusing the fact that there is no documentary evidence of the type of agency relationship between Wells Fargo and HSBC and whether HSBC's relinquishment

of the note to Wells Fargo destroys HSBC's nonholder in possession status, [3] nonholder-in-possession-with-rights-of-a-holder status exists where the evidence shows that the transferee of the instrument intended to hand over the right to enforce the instrument. *Freed*, 3d Dist. Hancock No. 5-12-01, 2012-Ohio-5941, ¶ 28. In order to satisfy its burden for summary judgment, HSBC is required to come forth with evidence that it is entitled to enforce the note under R.C. 1303.31.

**{¶22}** The magistrate and trial court found that the assignments of mortgage effectively gave HSBC enforcement rights because the assignments included all rights, title, and interest in the mortgage together with certain notes. The trial court found this sufficient for rights of enforcement when coupled with possession. The trial court's reliance on assignments of the mortgage to establish enforcement rights is not sufficient where HSBC claims the note has been negotiated and anyone who has possession may enforce its terms. Where there are material inconsistencies in the record and there are material questions of fact as to HSBC's rights to enforce the note, summary judgment is inappropriate.

**{¶23}** The Surrarrers also claim that the trial court should not have granted summary judgment on their breach of contract claim against HSBC. In *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996), the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in *Wing v. Anchor Media, Ltd. of*

---

[3] HSBC may retain constructive possession under agency principles, but there is no credible, reliable evidence in the record of the agency relationship between Wells Fargo and HSBC. *See Bank of New York v. Raftogianis*, 418 N.J.Super. 323, 331, 13 A.3d 435 (June 29, 2010).

*Texas*, 59 Ohio St.3d 108, 570 N.E.2d 1095 (1991). Under *Dresher*, "the moving party bears the initial responsibility of informing the trial court of the basis for the motion, *and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim.*" (Emphasis sic.) *Id*. at 292. The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. *Id*. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. *Id*. However, the only evidence relied on by the Surrarrers is the deposition testimony of Thomas Surrarrer. He asserts, without evidentiary support, that Wells Fargo misapplied payments in order to generate penalties.

{¶24} The Surrarrers also allege that improper county tax liabilities were somehow the fault of HSBC even though HSBC in no way set property tax values nor billed the Surrarrers for these sums. HSBC has no duty to assist the Surrarrers with property tax matters or challenges. Under the loan agreement, HSBC may pay property tax bills if the Surrarrers fail to satisfy their obligations and bill the Surrarrers for these amounts with interest. That is what Wells Fargo did on behalf of HSBC, and without charging the Surrarrers interest on those sums.

{¶25} Mr. Surrarrer admitted in his deposition that his account had a history of late payments. There was even evidence of a past foreclosure action that was dismissed after the Surrarrers paid a lump sum to reinstate their mortgage loan.

**{¶26}** Under the loan agreement, late payments would result in penalties. The Surrarrers offer nothing to distinguish valid penalties imposed for late, partial, or missing payments from what they allege are improper penalties. The payment history offered by HSBC shows a pattern of late or missing payments for which it could validly assess fees. Further, the Surrarrers failed to pay property taxes for several years. Wells Fargo advanced those sums to prevent the loss of its interest in the property that may result from a county tax foreclosure. The Surrarrers have not come forward with sufficient evidence to rebut the payment evidence offered by HSBC and its proper application of payments received.

## III. Conclusion

**{¶27}** HSBC has not presented evidence necessary to meet its burden for summary judgment. Material questions of fact exist in the record about its ability to enforce the note as a nonholder in possession with rights of enforcement. Therefore, the trial court erred in granting summary judgment on its claims against the Surrarrers. The trial court did not err in granting summary judgment in favor of HSBC on the Surrarrers' claims because they were unsupported by evidence to rebut that offered by HSBC, and no material question of fact remained about the Surrarrers' breach of contract claim.

**{¶28}** This cause is affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellants and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
MARY EILEEN KILBANE, J., CONCUR