[Cite as *Bank of Am., N.A. v. Pate*, 2014-Ohio-1078.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100157**

---

# BANK OF AMERICA, N.A.

PLAINTIFF-APPELLEE

vs.

# LORNA C. PATE, ET AL.

DEFENDANTS-APPELLANTS

---

### JUDGMENT:
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-788249

**BEFORE:** E.A. Gallagher, J., Celebrezze, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** March 20, 2014

**ATTORNEYS FOR APPELLANT**

Mark E. Owens
Ronald L. Cappellazzo
J.P. Amourgis & Associates
3200 West Market Street, Suite 106
Akron, OH   44333


**ATTORNEYS FOR APPELLEE**

James L. Sassano
Richard J. Feuerman
Carlisle, McNellie, Rini, Kramer, & Ulrich Co., L.P.A.
24755 Chagrin Boulevard, Suite 200
Cleveland, OH   44122

Michael B. Hurley
John R. Wirthlin
Blank Rome, L.L.P.
1700 PNC Center
201 East Fifth Street
Cincinnati, OH   45202


**For The Ohio Department of Taxation**

Joseph T. Chapman
Collections Enforcement
150 East Gay Street, 21st Floor
Columbus, OH   43215

EILEEN A. GALLAGHER, J.:

{¶1} Defendant-appellant, Lorna Pate, appeals from the trial court's decision granting summary judgment to plaintiff-appellee, Bank of America, N.A. For the following reasons, we reverse.

{¶2} In July 2003, Pate executed a note, secured by a mortgage, in the amount of $112,251. In August 2012, Bank of America filed a complaint for foreclosure against Pate, alleging that it was the holder of the mortgage deed and that the conditions of the mortgage had been broken by reason of default in payment by Pate and that Pate owed $100,249.47, plus interest at the rate of 6.125 percent per annum from June 1, 2010. The complaint alleged that Bank of America had performed all the conditions precedent required to be performed by it under the note and mortgage. Pate answered, denying that the conditions of the mortgage deed had been broken and generally denying, for lack of information and knowledge, that Bank of America had performed all the required conditions precedent, but she did provide that:

> Plaintiff failed to give the proper and requisite notices to the Defendant pursuant to RESPA, the terms of the Note and Mortgage, or pursuant to federal regulations governing FHA mortgages.

{¶3} Bank of America moved for summary judgment, attaching an affidavit in support, as well as copies of the note, mortgage, a description of the property, and a document assigning the mortgage to Bank of America. Pate opposed summary judgment, arguing that Bank of America failed to properly support its documentary evidence with an authenticated affidavit and offered her own affidavit asserting that Bank

of America failed to provide her with proper notice of default pursuant to the terms of the mortgage and federal law.

**{¶4}** The trial court granted summary judgment in favor of Bank of America and Pate appeals.

**{¶5}** Pate's first assignment of error states:

> The trial court erred when it granted summary judgment to the plaintiff BOA, as there was a genuine issue of material fact as to whether the plaintiff provided the proper notices of default and for a face-to-face meeting prior to acceleration, as required under the mortgage and applicable federal law.

**{¶6}** To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present "evidentiary-quality materials" establishing: (1) that the plaintiff is the holder of the note and mortgage or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) that the mortgagor is in default; (4) that all conditions precedent have been met and (5) the amount of principal and interest due. *HSBC Bank USA, N.A. v. Surrarrer*, 8th Dist. Cuyahoga No. 100039, 2013-Ohio-5594, ¶ 16, citing *United States Bank, N.A. v. Adams*, 6th Dist. Erie No. E-11-070, 2012-Ohio-6253, ¶ 10.

**{¶7}** Pate argues that a genuine issue of material fact exists regarding whether she received proper notice of default pursuant to the terms of the note and mortgage. Bank of America does not dispute the notices due Pate as conditions precedent to pursuing this foreclosure action, but instead argues that Pate has failed to properly preserve this issue by failing to comply with Civ.R. 9(C). We disagree.

**{¶8}** "Where prior notice of default and/or acceleration is required by a provision in a note or mortgage instrument, the provision of notice is a condition precedent," and it is subject to the requirements of Civ.R. 9(C). *First Fin. Bank v. Doellman*, 12th Dist. Butler No. CA2006-02-029, 2007-Ohio-222, ¶ 20. Pursuant to Civ.R. 9(C):

> [I]n pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity.

**{¶9}** Bank of America did assert in its complaint that all conditions precedent had been performed. In order to refute Bank of America's allegation and put conditions precedent at issue, Pate was required to deny performance of the conditions "specifically and with particularity." *LSF6 Mercury REO Invests. Trust Series 2008-1 v. Locke*, 10th Dist. Franklin No. 11AP-757, 2012-Ohio-4499, ¶ 11. A general denial of performance of conditions precedent is not sufficient to place performance of a condition precedent in issue. The effect of the failure to deny conditions precedent in the manner provided by Civ.R. 9(C) is that they are deemed admitted. *CitiMortgage, Inc. v. Byington*, 6th Dist. Erie No. E-12-003, 2013-Ohio-3950, ¶ 11, citing *Lewis v. Wal-mart, Inc.*, 10th Dist. Franklin No. 93AP-121, 1993 Ohio App. LEXIS 3920 (Aug. 12, 1993).

**{¶10}** We find that Pate's answer, quoted above, provided sufficient specificity and particularity to comply with Civ.R. 9(C). Where compliance with conditions precedent is put at issue and where the plaintiff moves for summary judgment, it has the burden of establishing the absence of this question by reference to materials set forth in Civ.R. 56. *LSF6 Mercury REO Invests. Trust Series 2008-1* at ¶ 11; *Lasalle Bank, N.A.*

*v. Kelly*, 9th Dist. Medina No. 09CA0067-M, 2010-Ohio-2668, ¶ 13.  Bank of America failed to introduce any evidence regarding its compliance with the notice requirements in this case and, therefore, failed to meet its burden on summary judgment of pointing to portions of the record that show the absence of a genuine issue of material fact.

{¶11} Pate's first assignment of error is sustained.

{¶12} Pate's second assignment of error states:

> The trial court erred when it granted summary judgment to the plaintiff BOA, as there were genuine issues of material fact remaining and the plaintiff was not entitled to summary judgment as a matter of law.

{¶13} Pate argues that the affidavit of Steven King, attached in support of Bank of America's motion for summary judgment, lacked the requisite personal knowledge for the trial court to rely upon it.

{¶14} Civ.R. 56(E) sets forth the requirements for affidavits submitted on summary judgment.   It provides, in relevant part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits.

> Unless controverted by other evidence, a specific averment that an affidavit pertaining to business is made upon personal knowledge of the affiant satisfies the Civ.R. 56(E) requirement that affidavits both in support or in opposition to motions for summary judgment show that the affiant is competent to testify to the matters stated.

*Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 20, quoting *Bank One, N.A. v. Swartz*, 9th Dist. Lorain No. 03CA008308, 2004-Ohio-1986. "Verification of documents attached to an affidavit supporting or opposing a motion for summary judgment is generally satisfied by an appropriate averment in the affidavit itself, for example, that 'such copies are true copies and reproductions.'" *Id*., citing *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 423 N.E.2d 105 (1981), paragraph three of the syllabus.

{¶15} Pate argues that without the records attached to Bank of America's motion for summary judgment and supported by King's affidavit, the bank has failed to provide evidence to rebut her averments that she did not receive proper notice. This argument is without merit because none of the documentary evidence presented by Bank of America pertains to the required notices and, furthermore, Pate's notice argument has been rendered moot by our disposition of her first assignment of error.

{¶16} Next, Pate argues that King's affidavit failed to state in sufficient detail the basis for his personal knowledge. We find that the affidavit was sufficiently based on personal knowledge for Civ.R. 56(E) purposes. The affidavit reflects that King is an assistant vice president with Bank of America. King averred that he was competent to testify to the matters stated in the affidavit because he possessed personal knowledge of Bank of America's procedures for creating the records and was familiar with the Bank's policies for maintaining records. He further averred that the records were made at or near the time of the occurrence of the matters recorded by persons with personal

knowledge or from information transmitted by persons with personal knowledge, that the records were kept in the course of Bank of America's regularly conducted business and that it is the regular practice of the bank to make such records. King averred that he had personally reviewed the records that showed that Pate was in default, the indebtedness had been accelerated, and the balance due on the loan was $100,249.47 plus interest at 6.125 percent.[1] There is no requirement that an affiant explain the basis for his personal knowledge where his personal knowledge can be reasonably inferred based on the affiant's position and other facts contained in the affidavit. *Nationstar Mtge., L.L.C. v. Perry*, 8th Dist. Cuyahoga No. 99497, 2013-Ohio-5024, ¶ 15, citing *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657.

**{¶17}** Pate's second assignment of error is overruled.

**{¶18}** This cause is reversed and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee her costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[1] We note that Bank of America relied upon the affidavit of Steven King to establish the fact of default and the outstanding balance. Mr. King's personal knowledge in this case was limited to his review of the Bank's records. King's affidavit references business records purportedly attached to his affidavit regarding the default and balance; however, those records were, in fact, not attached and are not part of the record. Pursuant to Civ.R. 56(E), sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit. Depending on the circumstances and supporting documentary evidence, an affidavit may be sufficient to establish default on an outstanding balance. *See, e.g., Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 40. However, in this instance, the appropriate course would have been for Bank of America to attach the documents referenced in King's affidavit.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, J., CONCURS;
FRANK D. CELEBREZZE, JR., P.J.,
CONCURS IN JUDGMENT ONLY