[Cite as *Secy. of Veterans Affairs v. Anderson*, 2014-Ohio-3493.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99957**

# SECRETARY OF VETERANS AFFAIRS

PLAINTIFF-APPELLEE

vs.

# DONALD L. ANDERSON, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-774154

**BEFORE:** Keough, J., Rocco, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** August 14, 2014

**ATTORNEY FOR APPELLANTS**

James R. Douglass
James R. Douglass Co., L.P.A.
P.O. Box 6031040
Cleveland, Ohio 44103

**ATTORNEYS FOR APPELLEE**
**SECRETARY OF VETERANS AFFAIRS**

Brett A. Housley
Rachel M. Kuhn
Reimer, Arnovitz, Chernek & Jeffrey
30455 Solon Road
Solon, Ohio 44139

**FOR MIDLAND FUNDING L.L.C.**

Midland Funding, L.L.C.
8875 Aero Drive, Suite 200
San Diego, California 92123

**ATTORNEY FOR STATE OF OHIO DEPARTMENT OF TAXATION**

Sherry M. Phillips
Assistant Attorney General
Collections Enforcement
150 East Gay Street, 21st Floor
Columbus, Ohio 43215

**ATTORNEY FOR UNITED STATES OF AMERICA**

David A. Ruiz
Assistant U.S. Attorney
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

**{¶1}** Defendant-appellant Donald L. Anderson appeals from the trial court's judgment that adopted a magistrate's decision in a foreclosure action and granted plaintiff-appellee the Secretary of Veterans Affairs ("Secretary") a decree of foreclosure. Finding no merit to the appeal, we affirm.

## I. Factual History and Procedural Background

**{¶2}** On October 1, 1997, Anderson and his then-wife executed a promissory note in the amount of $145,850 in favor of Norwest Mortgage, Inc. for their residential property in Strongsville, Ohio. The note was secured by a mortgage. The note was subsequently modified two times, resulting in a principal balance of $179,050. The note and mortgage were assigned to the Secretary.

**{¶3}** On June 19, 2012, the Secretary filed an amended complaint for foreclosure against Anderson and other necessary parties relating to the Andersons' alleged nonpayment of the note. The amended complaint asserted that the Secretary was the holder of the note, that the Andersons had defaulted under the terms of the note and mortgage, and that $179,050 plus interest at 4% per annum from February 1, 2008 was due and owing on the note. The amended complaint further alleged that the Secretary had complied with all conditions precedent as set forth in the note, loan modification agreements, and mortgage before filing its complaint in foreclosure.

**{¶4}** Anderson filed a two-paragraph answer to the amended complaint in which he denied the Secretary's allegations. He did not raise any affirmative defenses in his

answer, nor did he assert that the Secretary had not complied with the conditions precedent to foreclosure.

{¶5} The matter was referred to a magistrate, who subsequently granted default judgment to the Secretary against all non-answering parties, including Anderson's ex-wife. The Secretary then moved for summary judgment. The affidavit of Therese Pfullmann, an employee of Residential Credit Solution, a loan servicer for the Secretary, was attached to the motion for summary judgment. Anderson filed a two-paragraph "answer" to the Secretary's motion in which he objected to Pfullmann's affidavit, arguing that it was "hearsay third-party circumstantial evidence."

{¶6} The magistrate subsequently issued a decision granting the Secretary's motion for summary judgment. Anderson then retained counsel, who filed objections to the magistrate's decision. On April 23, 2013, the trial court entered judgment overruling Anderson's objections to the magistrate's decision. Then, on May 3, 2013, the trial court issued a judgment entry granting foreclosure on the premises. This appeal followed.

## II. Analysis

### A. Final, Appealable Order

{¶7} In his first assignment of error, Anderson contends that the trial court's judgment is not final for appeal or execution because the trial court simply adopted the magistrate's decision, instead of entering its own judgment.

{¶8} When the court adopts, rejects, or modifies a magistrate's decision, it must also enter a judgment. Civ.R. 53(D)(4)(e). The judgment may not simply incoporate the

magistrate's decision by reference. *Flagstar Bank, FSB v. Moore*, 8th Dist. Cuyahoga No. 91145, 2008-Ohio-6163, ¶ 1. "To constitute a final, appealable order, the trial court's journal entry must be a separate and distinct instrument from that of the magistrate's order and must grant relief on the issues originally submitted to the court." *Id.* "The court's judgment entry should address all issues submitted to the court for determination so that the parties may know, by referring to the judgment entry, what their responsibilities and obligations may be." *In re Elliott*, 4th Dist. Ross No. 97 CA 2313, 1998 Ohio App. LEXIS 879 (Mar. 5, 1998). In short, the trial court, "separate and apart from the magistrate's decision," must enter its own judgment containing a clear pronouncement of the trial court's judgment and a statement of the relief granted by the court. *Flagstar Bank* at ¶ 8; *Ameriquest Mtge. Co. v. Stone*, 8th Dist. Cuyahoga No. 89899, 2008-Ohio-3984, ¶ 3.

{¶9} The trial court in this case did exactly that. On April 23, 2013, the trial court issued a journal entry overruling Anderson's objections to the magistrate's decision. Then, on May 3, 2013, the trial court issued a judgment entry in which it adopted the magistrate's decision and specifically addressed all the issues submitted to the court: it granted summary judgment in favor of the Secretary against Anderson; it granted default judgment in favor of the Secretary against the other named defendants; it granted judgment in favor of the Secretary against Anderson in the amount of $179,050 plus interest at the rate of 4% per annum from February 1, 2008; it ordered that unless this sum plus costs, taxes, and interest was paid within three days of the judgment, the premises

were to be sold; and it ordered how the proceeds of the sale were to be distributed.

{¶10} The trial court's judgment did not merely incorporate the magistrate's decision; it was a separate judgment entry that contained a clear pronouncement of the court's judgment and a statement of the relief granted by the court. Accordingly, the first assignment of error is overruled.

B.    Conditions Precedent

{¶11} In his second assignment of error, Anderson contends that the trial court erred in granting summary judgment to the Secretary absent any evidence that the Secretary had satisfied the conditions precedent to foreclosure. Specifically, Anderson argues that government-insured loans, such as the note and mortgage at issue in this case, are subject to federal regulations that establish conditions precedent to initiating a foreclosure action, and that the affidavit in support of the Secretary's motion for summary judgment failed to demonstrate that the Secretary complied with these regulations before bringing this foreclosure action.

{¶12} The Secretary concedes that the federal regulations set forth in 38 C.F.R. 36 regarding default and acceleration of federally-insured loans were incorporated into the terms of the note and mortgage at issue in this case. Like Anderson, the Secretary contends that the regulations establish conditions precedent to foreclosure, but he argues that Anderson waived any argument regarding the Secretary's alleged non-compliance with applicable conditions precedent because Anderson failed to deny performance of the conditions precedent in his answer to the Secretary's complaint, as required by Civ.R.

9(C).

{¶13} Before we address the waiver issue, we note that there is disagreement among Ohio's appellate districts whether the federal regulations regarding accelerating the balance of a note and initiating foreclosure proceedings on federally-insured loans create conditions precedent or provide affirmative defenses. Recently, in *Wells Fargo Bank, N.A. v. Goebel*, 2014-Ohio-472, 6 N.E.3d 1220, the Second District addressed the condition-precedent/affirmative-defense issue and held that a bank's failure to comply with federal regulations regarding notice to the mortgagor prior to initiating a foreclosure action could be raised as an affirmative defense. Shortly after *Goebel*, however, the Seventh District held that compliance with federal housing regulations regarding foreclosure is more properly characterized as a condition precedent in foreclosure litigation. *PNC Mtge. v. Garland*, 7th Dist. Mahoning No. 12 MA 222, 2014-Ohio-1173, ¶ 25.

{¶14} Other districts have likewise disagreed as to whether federal regulations regarding foreclosure are conditions precedent or affirmative defenses to foreclosure. *Compare U.S. Bank v. Detweiler*, 191 Ohio App.3d 464, 2010-Ohio-6408, 946 N.E.2d 777 (5th Dist.) (HUD regulations regarding default and acceleration of federally-insured note and mortgage are conditions precedent); *LaSalle Bank, N.A. v. Kelly*, 9th Dist. Medina No. 09CA0067-M, 2010-Ohio-2668, ¶ 13-14 ("[W]here the note or mortgage instrument requires prior notice, the provision of this notice is a condition precedent that must be demonstrated by the moving party under Civ.R. 56."); *GMAC Mtge. of*

*Pennsylvania v. Gray*, 10th Dist. Franklin No. 91AP-650, 1991 Ohio App. LEXIS 6004 (Dec. 10, 1991) (plaintiff's failure to comply with HUD regulations could be raised as an affirmative defense to foreclosure action).

> The distinction is important because each carries with it a different burden for pleading and summary judgment practice. For example, if compliance with [federal housing] regulations is a *condition precedent*, the bank must generally aver in its complaint that it has complied with all conditions precedent, the borrower then has a reciprocal burden to alleged with specificity and particularity how the bank failed to comply. Civ.R. 9(C). In a motion for summary judgment, the bank would then bear the burden of establishing the absence of any issue of material fact on the issue of whether it complied with the specific HUD regulation. * * *

> Alternatively, if compliance is deemed an *affirmative defense*, the bank has no pleading burden in its complaint; the borrower must generally allege non-compliance as an affirmative defense in its answer. And on summary judgment, the bank has no burden to discuss compliance with HUD regulations in its motion, whereas the borrower bears the burden of proving its affirmative defense via the brief in opposition to summary judgment. * * * (Emphasis sic).

*Garland* at ¶ 23-24.

**{¶15}** This court has held that a term in a mortgage such as one requiring prior notice of default or acceleration to the mortgagor is a condition precedent subject to the requirements of Civ.R. 9(C). *See, e.g., Bank of Am., N.A. v. Pate*, 8th Dist. Cuyahoga No. 100157, 2014-Ohio-1078, ¶ 8.; *Puzzitiello v. Metro. Savs. Bank*, 8th Dist. Cuyahoga No. 71814, 1997 Ohio App. LEXIS 5105 (Nov. 13, 1997). Because, as the Secretary concedes, federal regulations regarding default and acceleration of loans guaranteed by the Department of Veterans' Affairs were incorporated in the terms of the note and mortgage at issue in this case, we find that the Secretary's compliance with the

regulations was a condition precedent to foreclosure. We agree with the Secretary, however, that Anderson did not satisfy the requirements of Civ.R. 9(C) and, therefore, cannot raise any issue regarding noncompliance.

{¶16} Civ.R. 9(C) provides that "[i]n pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity." Thus, where a cause of action is contingent upon the satisfaction of some condition precedent, Civ.R. 9(C) requires the plaintiff to plead that the condition has been satisfied, and permits the plaintiff to aver generally that any conditions precedent to recovery have been satisfied, rather than requiring the plaintiff to detail specifically how each condition precedent has been satisfied. *Lewis v. Wal-Mart, Inc.*, 10th Dist. Franklin No. 93AP-121, 1993 Ohio App. LEXIS 3920, *8 (Aug. 12, 1993). In contrast to the liberal pleading standard for a party alleging the satisfaction of conditions precedent, a party denying the performance or occurrence of a condition precedent must do so specifically and with particularity. *Id.*

{¶17} In paragraph one of his complaint, the Secretary averred that "it has complied with all conditions precendent as set forth in the note, loan modification agreements, and mortgage." In his answer, Anderson generally denied all the allegations of the complaint, but made no specific reference to the Secretary's alleged non-compliance with the federal regulations regarding foreclosure of federally-insured loans. Thus, Anderson did not comply with Civ.R. 9(C)'s requirement that "[a] denial of

performance or occurrence shall be made specifically and with particularity." "'The effect of the failure to deny conditions precedent in the manner provided by Civ.R. 9(C) is that they are deemed admitted.'" *U.S. Bank N.A. v. Stanze*, 2d Dist. Montgomery No. 25554, 2013-Ohio-2474, ¶ 13, quoting *Lewis* at *3.

**{¶18}** Because Anderson's answer was insufficient to put the Secretary's compliance with the federal regulations regarding foreclosure of federally-insured loans at issue in the case, the Secretary had no burden in his motion for summary judgment to establish the absence of a material question of fact regarding his compliance with the regulations. Accordingly, the trial court did not err in granting summary judgment, and the second assignment of error is overruled.

C.    The Evidence Supporting the Motion for Summary Judgment

**{¶19}** In his third assignment of error, Anderson contends that the trial court erred in granting summary judgment because the Secretary failed to demonstrate that he was entitled to foreclosure. Specifically, Anderson asserts that Pfullmann's affidavit was not based upon personal knowledge as required by Civ.R. 56. He also contends that summary judgment was improperly granted because neither the note nor the mortgage were attached to Pfullmann's affidavit for the trial court's consideration.

**{¶20}** Civ.R. 56(C) provides that summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can only reach a conclusion that is adverse

to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, 696 N.E.2d 201; *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). We review the trial court's judgment de novo, using the same standard that the trial court applies under Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241. Accordingly, we stand in the shoes of the trial court and conduct an independent review of the record.

{¶21} In order to properly support a motion for summary judgment in a foreclosure action, the bank must produce or identify in the record evidentiary-quality material demonstrating: (1) that it is the holder of the note, which is secured by a mortgage, or that it is otherwise entitled to enforce the instrument; (2) that the mortgagor is in default; (3) that all conditions precedent have been met; and (4) the amount of the principal and interest due. *HSBC Bank USA, N.A. v. Surrarrer*, 8th Dist. Cuyahoga No. 100039, 2013-Ohio-5594, ¶ 16.

{¶22} Once a moving party satisfies its burden, Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings, but has a reciprocal burden of setting forth specific facts demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449, 663 N.E.2d 639 (1996).

{¶23} The Secretary appended to his motion for summary judgment the affidavit of Pfullmann, who averred that she had personal knowledge of Anderson's account, and had reviewed Residential Credit Solution's records relating to his account, which showed a

note executed by Donald and Sharon Anderson secured by a mortgage that was modified twice. Pfullmann further averred that the Andersons had defaulted under the terms of the promissory note and mortgage, and the amount due was $179,050 plus interest of 4% per annum from February 1, 2008. In addition, Pfullmann averred that "true and exact copies" of the note, loan modification agreement, mortgage, and assignment of mortgage were attached as exhibits A, B, C, and D to the affidavit. Finally, she averred that Residential Credit Solution was the servicer for the note and mortgage and was authorized to act on behalf of the Secretary, who was the holder of the note.

{¶24} In light of Pfullmann's affidavit, the Secretary satisfied his burden of showing that there was no genuine issue of material fact in regard to the allegations of the amended complaint for foreclosure. Anderson's two-paragraph response to the motion for summary judgment, in which he merely objected to Pfullmann's affidavit as hearsay, failed to meet his reciprocal burden of setting forth specific facts demonstrating that genuine triable issues remained to be litigated. Therefore, the trial court properly granted summary judgment in favor of the Secretary.

{¶25} Moreover, Anderson's assertion that Pfullmann's affidavit was not based on personal knowledge for Civ.R. 56(E) purposes is without merit. [1] The affidavit established that Pfullmann was employed by Residential Credit Solution, a loan servicer

---

[1] Civ.R. 56(E) sets forth the requirements for affidavits submitted on summary judgment. It provides, in relevant part, that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit."

for the Secretary. Pfullmann averred that she was competent to testify to the matters stated in the affidavit because she had personal knowledge of the business records retained by Residential Credit Solution for servicing mortgage loans, and that the records were made at the time of the occurrence of the matters recorded and were kept in the regular course of business. Pfullmann further averred that she had personally reviewed the records, which showed that Anderson was in default of the note and mortgage, and the balance due on the loan was $170,050 plus interest at 4% per annum from February 1, 2008. Employees of servicing agents are competent to testify in foreclosure actions regarding loans they service. *Deutsche Bank Natl. Trust Co. v. Gardner*, 8th Dist. Cuyahoga No. 92916, 2010-Ohio-663, ¶ 10. Furthermore, "[t]here is no requirement that an affiant explain the basis for his personal knowledge where his personal knowledge can be reasonably inferred based on the affiant's position and other facts contained in the affidavit." *Bank of Am., N.A. v. Pate*, 8th Dist. Cuyahoga No. 100157, 2014-Ohio-1078, ¶ 16, citing *Nationstar Mtge., L.L.C. v. Perry*, 8th Dist. Cuyahoga No. 99497, 2013-Ohio-5024. Here, Pfullmann's personal knowledge of the facts contained in the affidavit can be inferred from her position at Residential Credit Solution and the nature of the facts recited in her affidavit.

{¶26} Similarly, Anderson's objection that the relevant documents were not attached to Pfullmann's affidavit for the trial court's consideration is without merit. The affidavit specifically stated that true and exact copies of the note, loan modification agreement, mortgage, and assignment of mortgage were attached as exhibits A, B, C, and

D to the affidavit. Our review of the record demonstrates that the documents were indeed attached to Pfullmann's affidavit.

{¶27} The record reflects that the Secretary submitted proper evidentiary materials to support his motion for summary judgment. Anderson failed to meet his reciprocal burden to establish any genuine issue of material fact. Accordingly, the trial court properly granted summary judgment. The third assignment of error is therefore overruled.

D.    The "Double-Dismissal Rule"

{¶28} In his fourth assignment of error, Anderson asserts that the trial court should have dismissed the complaint as barred by res judicata under the "double-dismissal rule" stated in Civ.R. 41(A)(1).

{¶29} Civ.R. 41(A)(1) provides that "[u]nless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court." Thus, when the same plaintiff files two unilateral notices of dismissal under Civ.R. 41(A)(1)(a) regarding the same claim against the same defendant, the second notice of dismissal functions as an adjudication on the merits of the claim, and res judicata applies if the plaintiff files a third complaint asserting the same cause of action. *Olynyk v. Scoles*, 114 Ohio St.3d 56, 2007-Ohio-2878, 868 N.E.2d 254, ¶ 10. Anderson contends that this is the third foreclosure complaint filed against him regarding this note and mortgage and, therefore, the action is barred by res judicata.

Anderson's argument fails.

**{¶30}** First, the affirmative defense of res judicata is waived if not raised in a responsive pleading. *Jim's Steak House, Inc. v. Cleveland*, 81 Ohio St.3d 18, 20-21, 688 N.E.2d 506 (1998). Anderson raised no affirmative defenses in his answer to the Secretary's amended complaint and, therefore, waived any argument regarding res judicata.

**{¶31}** More importantly, the "double-dismissal rule" does not apply to this action. The record reflects that there were two prior foreclosure cases against Anderson that were voluntarily dismissed by the plaintiff. In the first case, *Wells Fargo Bank v. Anderson*, Cuyahoga C.P. No. CV-06-582255 (June 28, 2006), Wells Fargo sought recovery of $138,649.84 in principal, plus interest at 8% per annum from August 1, 2005. In the second case, *Secy. of Veterans Affairs v. Anderson*, Cuyahoga C.P. No. CV-08-670154 (June 11, 2010), the Secretary claimed $179,050 in principal owed, plus interest at 4% per annum from February 1, 2008.

**{¶32}** The "double-dismissal rule" applies to actions, including foreclosure actions, when the same plaintiff files a third complaint that asserts the same cause of action as that dismissed in the first and second complaints. *U.S. Bank Natl. Assn. v. Gullotta*, 120 Ohio St.3d 399, 2008-Ohio-6268, 899 N.E.2d 987, ¶ 24-25. Here, although there were two prior foreclosure cases, the claims in each case were different: they involved different rates of interest and different amounts of principal owed. Moreover, the plaintiffs were not the same: the first case was brought by Wells Fargo

Bank, the second by the Secretary. Accordingly, the voluntary dismissal by the Secretary in Case No. CV-08-670154 was not a second dismissal of the same claim under Civ.R. 41(A)(1), and therefore, this action is not barred by res judicata. *See Homecomings Fin. Network, Inc. v. Oliver*, 1st Dist. Hamilton No. C-020625, 2003-Ohio-2668, ¶ 7 (second foreclosure action differed from the first because the claims involved different acts of default, as well as different rates of interest and different amounts of principal owed).

{¶33} Anderson's fourth assignment of error is therefore overruled.

{¶34} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

KENNETH A. ROCCO, P.J., and
MARY EILEEN KILBANE, J., CONCUR