[Cite as *Bank of New York Mellon Trust Co., N.A. v. Hentley*, 2013-Ohio-3150.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99252**

---

# BANK OF NEW YORK MELLON TRUST COMPANY, N.A.

PLAINTIFF-APPELLEE

vs.

# MARY HENTLEY, ET AL.

DEFENDANTS-APPELLANTS

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-707739

**BEFORE:** Rocco, J., Boyle, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** July 18, 2013

**ATTORNEY FOR APPELLANT**

James R. Douglass
James R. Douglass, Co., L.P.A.
4600 Prospect Avenue
Cleveland, Ohio   44103


**ATTORNEYS FOR APPELLEE**

Karen M. Cadieux
David A. Wallace
Carpenter Lipps & Leland L.L.P.
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215

KENNETH A. ROCCO, J.:

**{¶1}** In this action to foreclose on a mortgage secured by a promissory note, defendant-appellant Orville Hentley appeals from the trial court orders that: (1) denied his motion to vacate a summary judgment that was entered against him in favor of plaintiff-appellee the Bank of New York Mellon Trust Company, National Association ("the bank"); and, (2) declined to reconsider that decision.

**{¶2}** Hentley argues in his sole assignment of error that the bank was not entitled to summary judgment on its complaint because it failed to demonstrate that it had standing to enforce the note and to foreclose on the mortgage, therefore, the trial court lacked jurisdiction over the subject matter, and thus the court acted improperly by denying his motion to vacate the bank's judgment pursuant to Civ.R. 60(B).

**{¶3}** On review of the record, this court disagrees with Hentley's argument. Consequently, his assignment of error is overruled, and the trial court's decisions are affirmed.

**{¶4}** The bank filed this action on October 23, 2009. The complaint contained the following pertinent allegations:

> 2. On December 23, 1999, Mary Hentley and Orville Hentley executed the promissory note [to American National Home Mortgage] attached to this Complaint as Exhibit A (the "Note").

> 3. On December 23, 1999, to secure payment of amounts due under the Note, Mary Hentley and Orville Hentley executed and delivered [to American National Home Mortgage] the mortgage attached to this Complaint as Exhibit B (the "Mortgage"). The parties to the Mortgage intended that it attach to the entire fee simple interest in the property.

4. The Note is in default * * * .

5. The Mortgage was filed December 29, 1999, recorded at Official Instrument Number 199112290559, Recorder's Office, Cuyahoga County, Ohio.

6. On October 10, 2000, the Mortgage, together with the Note, was assigned [by American National Home Mortgage] to EquiCredit Corporation of America by an assignment recorded at Official Instrument Number 200010100913, Recorder's Office, Cuyahoga County, Ohio. A copy of this assignment is attached to this Complaint as Exhibit C.

7. On July 25, 2003, the Mortgage, together with the Note, was assigned [by EquiCredit Corporation of America] to JP Morgan Chase Bank, as Trustee by an assignment recorded at Official Instrument Number 200307250222, Recorder's Office, Cuyahoga County, Ohio. A copy of this assignment is attached to this complaint as Exhibit D.

8. The Mortgage, together with the Note, was assigned [by JPMorgan Chase Bank, as Trustee] to Plaintiff by an assignment executed on October 5, 2009. A copy of this assignment is attached to this Complaint as Exhibit E.

9. The Mortgage conveys to Plaintiff an interest in [13627 Christine Avenue, Garfield Heights, Ohio] (the "Property").

* * *

12. The personal obligations of Mary Hentley on the Note have been discharged [in bankruptcy]. * * * However, Orville Hentley remains personally obligated for the amount due on the Note. * * *
* * *

14. The Mortgage is a valid and subsisting first lien on the Property, * * * .

15. Plaintiff is entitled to foreclosure of the Mortgage.

{¶5} Although three other defendants were named in the complaint as potentially having an interest in the property, the bank sought a money judgment only against Orville

Hentley. The bank alleged that the outstanding principal balance on the Note was $73,124.38.

{¶6} The bank attached copies of the relevant documents to its complaint. Exhibit "E," which purported to transfer the interest of "JPMorgan Chase Bank as Trustee" to the bank had been signed by "Brenda Staehle, Limited Signing Officer" on October 5, 2009, notarized on October 12, 2009, and contained the following sentence: "The recorder is hereby requested to cross-reference this Assignment to the recording reference of the mortgage hereinbefore described." However, exhibit "E" bore no indication that the county recorder's office had complied with the request.

{¶7} After the bank obtained service of process on all of the defendants, Orville and Mary Hentley filed a combined answer to the complaint. In relevant part, the Hentleys denied the allegations contained in Paragraph 9, i.e., that the bank had an interest in "the Property."

{¶8} On April 8, 2010, the bank filed a motion for summary judgment against the Hentleys on its complaint. The bank asserted there were no genuine issues regarding the following facts:

> (1) Mortgagors executed and delivered the Note and Mortgage, (2) [the bank] is the holder and owner of the Note and Mortgage, (3) Mortgagors have not made required installment payments on the Note, and (4) Mortgagors are in default under the terms and conditions of the Note and Mortgage.

{¶9} The bank asserted that the Hentleys' default resulted in acceleration of the Note, and that their failure to cure the default entitled the bank to judgment. The bank

attached to its motion the affidavit of "Jeffrey Stephan, Limited Signing Officer." Stephan averred in pertinent part as follows:

> 1. Affiant is an employee of GMAC Mortgage, LLC, the loan servicing agent for The Bank of New York Mellon Trust Company, National Association, fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee for RAMP 2003RPI (the "Plaintiff") and is competent to testify to the matters stated in this Affidavit. GMAC Mortgage, LLC, as loan servicing agent for Plaintiff, has custody of, and maintains records related to, the promissory note and mortgage that are the subject of this foreclosure action. Affiant has access to all documents filed in this matter or attached as Exhibits to [the Complaint], which were entered according to regular business practice, * * * and kept in the course of a regularly conducted business activity.

**{¶10}** Stephan further averred that the bank was "entitled to enforce the mortgage," that the note and mortgage were in default because the Hentleys had not made payments in accordance with their terms, and that the full amount of principal and interest due under the note was thus required to be paid.

**{¶11}** The record reflects the magistrate assigned to the matter noted that the parties were attempting to reach a settlement agreement in the case. If the parties failed to reach a settlement agreement, however, a response to the bank's motion for summary judgment was ordered to be filed no later than "06/07/2010."

**{¶12}** On May 14, 2010, Hentley requested an extension of time. Although his request was granted, he was ordered to file a response by August 16, 2010. On July 30, 2010, the bank filed a notice of its intent to proceed with the foreclosure. Hentley, however, failed to respond to the bank's motion for summary judgment.

**{¶13}** On August 25, 2010, the magistrate issued a decision stating that, based on the evidence submitted by the bank, it was entitled to summary judgment on its complaint. In particular, the magistrate found that

> [t]he mortgage assignment to Plaintiff was executed before the date of filing of Plaintiff's complaint herein. Said assignment also contained language that transferred ownership of the subject promissory note to Plaintiff. Accordingly, the Magistrate finds that Plaintiff was the owner of the note and mortgage when the case was filed and has standing to bring the case.

**{¶14}** No objections were filed to the foregoing decision. On September 22, 2010, the trial court issued a judgment entry formally adopting the magistrate's decision. The court found in favor of the bank against the Hentleys in the sum of $73,124.38, with interest, issued a decree of foreclosure, and permitted the bank to sell the property at a sheriff's sale.

**{¶15}** Nearly a year-and-one-half later, on May 8, 2012, the trial court issued a journal entry scheduling the sheriff's sale of the property for June 11, 2012. On May 11, 2012, the bank sent notice of the sale date to the other parties.

**{¶16}** The sale proceeded as scheduled. On June 26, 2012, the trial court issued an order that confirmed the sale of the property.

**{¶17}** On November 9, 2012, Hentley filed an "emergency motion to vacate writ of possession and to vacate void judgment." He asserted that, when the bank filed the action, it "was not a real party in interest," therefore, the bank lacked the ability to invoke the trial court's subject matter jurisdiction. Hentley argued that the note attached to the complaint "bears no evidence whatsoever that it was ever negotiated to [the bank], or

anyone else, for that matter."   He attached to his motion only copies of the complaint and its accompanying exhibits.

{¶18} On November 15, 2012, the trial court denied Hentley's motion.   The court stated that

> [p]ursuant to Civil Rule 60(B), * * * the motion was not made within a reasonable time.   In addition, * * * [Hentley] failed to allege sufficient operative facts to justify relief from judgment.

{¶19} On November 19, 2012, Hentley filed a motion for reconsideration. He argued that the trial court misread his motion.   He maintained that his original motion was not a Civ.R. 60(B) motion, but rather a motion "to vacate a void judgment."

{¶20} On November 21, 2012, the trial court issued a journal entry that denied Hentley's motion to reconsider.

{¶21} Hentley filed his notice of appeal in this case on December 5, 2012. He challenges the trial court's orders of both November 15 and November 21, 2012, with one assignment of error.

> **I.     The trial court erred when it denied the defendant-appellant's motion for relief from judgment by applying the timeliness requirements of Civ.R. 60(B) to a "common law" motion to vacate based upon the court's inherent authority to vacate a void judgment.**

{¶22} Hentley argues that the trial court's treatment of his motion as one made pursuant to Civ.R. 60(B) was improper because the order of summary judgment in favor of the bank was "void" rather than merely "voidable"; therefore, Civ.R. 60(B) did not apply.   Hentley bases this argument on the premise that the bank never demonstrated it

was the holder of the note at the time the complaint was filed. The record, however, demonstrates that his premise is faulty, thus causing his argument to collapse.

{¶23} The bank attached a copy of the original note to its complaint. In relevant part, the note stated as follows:

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay [the principal] * * * , plus interest, to the order of the Lender. The Lender is AMERICAN NATIONAL HOME MORTGAGE.

I understand that the *Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."*

* * *

### 6. BORROWER'S FAILURE TO PAY AS REQUIRED

* * *

#### (C) Notice of Default

If I am in default, *the Note Holder * * * may require me to pay immediately the full amount of the principal which has not been paid and all the interest that I owe on that amount.* * * *

### 10. UNIFORM SECURED NOTE

This Note is a uniform instrument * * * . In addition to the protections given to the Note Holder under this Note, *a Mortgage * * * , dated the same date as this Note, protects the Note Holder* from possible losses which might result if I do not keep the promises which I make in this Note.

(Emphasis added.)

**{¶24}** In addition to a copy of the original Note and Mortgage, the bank attached copies of each instrument in the line of title of the Mortgage and Note, showing that the bank was the current owner of each of its predecessor's:

> * * * interest in that mortgage dated December 23, 1999 executed and delivered by **Orville Hentley and Mary Hentley, husband and wife**, * * * together with the promissory note secured by such mortgage and all sums of money due and to become due on such promissory note.

**{¶25}** The documents the bank filed with the court thus showed that, at the time the bank filed this action, it was the current "Note Holder." In *CitiMortgage v. Patterson*, 8th Dist. No. 98360, 2012-Ohio-5894, ¶ 21-22, this court held:

> In our view, [*Fed. Home Loan Mtge. Corp. v.*] *Schwartzwald* [134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214] * * * stands for the proposition that a party may establish its interest in the suit, and therefore have standing to invoke the jurisdiction of the court when, at the time it files its complaint of foreclosure, it *either* (1) has had a mortgage assigned or (2) is the holder of the note.
>
> Based on our interpretation of *Schwartzwald*, the fact that CitiMortgage was not assigned the mortgage until September 29, 2006, and *did not record the assignment with the Cuyahoga County Recorder* until October 13, 2006, *does not preclude a finding of standing.* Here, the record reflects that, unlike the plaintiffs in *Schwartzwald* * * * , CitiMortgage was *the holder of the note at the time it filed the foreclosure action* on September 20, 2006 * * * . *As a holder, CitiMortgage was entitled to enforce the note, and thereby had a real interest in the subject matter of the instant foreclosure action.* See R.C. 1303.31(A)(1).

(Emphasis added.)

**{¶26}** Because the facts presented to the trial court in this case were identical to those presented in *Patterson*, they compel the same conclusion. The bank demonstrated it was a "real party in interest" at the time it filed the complaint and, therefore, that it

lawfully invoked the trial court's jurisdiction. *Deutsche Bank Natl. Trust Co. v. Ingle*, 8th Dist. No. 92487, 2009-Ohio-3886,

¶ 18; *United States Bank N.A. v. Higgins*, 2d Dist. No. 24963, 2010-Ohio-4086, ¶ 21; *Deutsche Bank Natl. Trust Co. v. Doucet*, 10th Dist. No. 07AP-453, 2008-Ohio-589, ¶ 11-12.

{¶27} Under these circumstances, whether or not the trial court acted pursuant to Civ.R. 60(B) when denying Hentley's motion to vacate the judgment in the bank's favor does not matter; the trial court arrived at the correct conclusion. *GMAC Mtge. v. Coleff*, 8th Dist. No. 98917, 2013-Ohio-2462; *see also Joyce v. Gen. Motors Corp.*, 49 Ohio St.3d 93, 96, 551 N.E.2d 172 (1990).

{¶28} Additionally, the trial court appropriately denied Hentley's motion for reconsideration, because no such motion exists in the civil rules. *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 423 N.E.2d 1105 (1981), paragraph one of the syllabus.

{¶29} Hentley's assignment of error is overruled.

{¶30} The trial court's order denying Hentley's motion to vacate judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE
MARY J. BOYLE, P.J., and
PATRICIA A. BLACKMON, J., CONCUR