[Cite as *Third Fed. S. & L. Assn. of Cleveland v. Rains*, 2013-Ohio-4602.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99650**

# THIRD FEDERAL SAVINGS & LOAN ASSOCIATION OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

# JEAN BALDWIN RAINS, ET AL.

DEFENDANTS-APPELLANTS

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-742680

**BEFORE:** Kilbane, J., Rocco, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** October 17, 2013

**ATTORNEY FOR APPELLANTS**

James R. Douglass
James R. Douglass Co., L.P.A.
4600 Prospect Avenue
Cleveland, Ohio 44103

**ATTORNEYS FOR APPELLEE**

Eric T. Deighton
Richard J. Feuerman
Carlisle, McNellie, Rini, Kramer & Ulrich
24755 Chagrin Boulevard, Suite 200
Cleveland, Ohio 44122

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Jean Baldwin Rains ("Rains"), appeals the trial court's decision denying her motion to vacate void judgment. For the reasons set forth below, we affirm.

{¶2} The instant appeal arises from a foreclosure complaint filed in December 2010 by plaintiff-appellee, Third Federal Savings and Loan Association of Cleveland ("Third Federal"), against Rains. In the complaint, Third Federal alleged that it is the owner and holder of two promissory notes (Note A and Note B) and two mortgages executed by Rains, and that Rains is in default on both notes. Third Federal sought to foreclose on the property and sought to recover the unpaid balance on Note A in the amount of $209,748.34 and on Note B in the amount of $199,818.95. Copies of both notes and mortgages were attached to the complaint. In response, Rains, pro se, filed an answer and counterclaim. Rains's counterclaim was dismissed in February 2011.

{¶3} The matter proceeded to an evidentiary hearing before a magistrate in June 2011. Third Federal then moved for summary judgment in July 2011. Rains filed a pro se brief in opposition to the motion. In her brief in opposition, Rains argued that Third Federal did not have standing to initiate the foreclosure action because Note A was endorsed in blank.

{¶4} In August 2011, the magistrate granted summary judgment to Third Federal and issued a decision with specific findings as to the rights and liabilities of the parties. Rains did not file any objections to the magistrate's decision. In September 2011, the

trial court adopted the magistrate's order, granted Third Federal's motion for summary judgment, entered judgment for Third Federal in the amount of $209,748.34, and entered an order of foreclosure.

{¶5} In October 2011, Rains appealed the trial court's order of foreclosure in *Third Fed. S. & L. Assn. of Cleveland v. Rains*, 8th Dist. Cuyahoga No. 97433 ("*Rains I*"). This court granted her motion to stay the sheriff's sale pending the appeal. In February 2012, however, Rains filed a motion to voluntarily dismiss her appeal. We granted her motion, and the appeal was dismissed.

{¶6} In June 2012, the foreclosed property was sold at sheriff's sale pursuant to the trial court's September 2011 order of foreclosure. The same month, the trial court issued a confirmation of sale, from which Rains appealed in *Third Fed. S. & L. Assn. of Cleveland v. Rains*, 8th Dist. Cuyahoga No. 98592, 2012-Ohio-5708 ("*Rains II*"). In this appeal, Rains argued that the trial court erred in entering a confirmation of sale based on an earlier order of foreclosure that was not final and appealable. We found that "Rains's voluntary dismissal [of the prior appeal] prevented this court from addressing the issue she now raises." *Id.* at ¶ 9. We also noted that Rains's failure to seek a stay has rendered her appeal of the confirmation of sale moot because the property has been sold and the deed has been recorded — the order of confirmation has been carried out to its fullest extent. *Id.* at ¶ 13.

{¶7} Then in January 2013, Rains (through counsel) filed an "emergency motion to vacate writ of possession and to vacate void judgment" and requested a hearing.

Rains asked the trial court to vacate the judgments it granted in September 2011 and March 2012 confirming the sale of the property. Rains relying on *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, argued that Third Federal did not have standing at the time its complaint was filed.[1] Rains attached an affidavit in support of the motion, in which she averred that Third Federal employees told her that Third Federal sold the mortgage to Fannie Mae in 2003 and since that time, Third Federal operated as the loan servicer for Fannie Mae. She attached copies of printouts from Fannie Mae's website. She further averred that, during the hearing with the magistrate, Third Federal offered a verison of Note A that was different from the one it attached to the complaint. This version "contained an endorsement to a 'blank line' that [was] not present on the note attached to the complaint." As a result, Rains argued that Third Federal did not have standing to enforce Note A, and thus, failed to invoke the jurisdiction of the trial court. The trial court

---

[1] The *Schwartzwald* court reviewed whether "[i]n a mortgage foreclosure action, the lack of standing or a real party interest defect can be cured by the assignment of the mortgage prior to judgment." *Id.*, 134 Ohio St.3d at 17, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 19. In *Schwartzwald*, plaintiff-Federal Home Loan conceded there was no evidence that it had suffered any injury at the time it commenced this foreclosure action. The court concluded that because it failed to establish an interest in the note or mortgage at the time it filed suit, it had no standing to invoke the jurisdiction of the common pleas court. *Id.* at ¶ 28. In dismissing Federal Home Loan's foreclosure action against the Schwartzwalds without prejudice, the court stated: "It is fundamental that a party commencing litigation must have standing to sue in order to present a justiciable controversy and invoke the jurisdiction of the common pleas court. Civ.R. 17(A) does not change this principle, and a lack of standing at the outset of litigation cannot be cured by receipt of an assignment of the claim or by substitution of the real party in interest." *Id.* at ¶ 41.

denied the motion, stating that Rains "failed to present sufficient grounds for relief from judgment."

{¶8} It is from this order that Rains now appeals, raising the following single assignment of error for review.

Assignment of Error

The court erred when it denied [Rains's] common law motion to vacate judgment without hearing when the uncontroverted record demonstrates that [Third Federal] was a servicer and not the party entitled to enforce the subject note when suit was filed.

{¶9} In the sole assignment of error, Rains claims that Third Federal does not have standing to enforce Note A. Just as in her motion to vacate, on appeal she states that Third Federal employees told her that Third Federal sold the mortgage to Fannie Mae in 2003 and since then, Third Federal has operated as the loan servicer for Fannie Mae. As a result, she maintains that Third Federal lacked the ability to invoke the trial court's subject matter jurisdiction.

{¶10} In *Bank of New York Mellon Trust Co., N.A., v. Hentley,* 8th Dist. Cuyahoga No. 99252, 2013-Ohio-3150, this court recently addressed a similar situation in which the defendant filed the same "emergency motion to vacate writ of possession and to vacate void judgment," asserting that when the bank filed the action, it was not a real party in interest, and therefore, the bank lacked the ability to invoke the trial court's subject matter jurisdiction. *Id.* at ¶ 17. The trial court denied the motion, and the defendant filed a motion for reconsideration. The trial court also denied this motion, and the defendant

appealed.  On appeal, we found that the documents the bank filed with the court showed that at the time the bank filed the action it was the current "Note Holder."  *Id.* at ¶ 25.

{¶11} We relied on a previous decision from this court, *CitiMortgage v. Patterson*, 8th Dist. Cuyahoga No. 98360, 2012-Ohio-5894, 984 N.E.2d 392, ¶ 21-22, *discretionary appeal not allowed*, 135 Ohio St.3d 1414, 2013-Ohio-1622, 986 N.E.2d 30, where we held:

> In our view, *Schwartzwald * * * * stands for the proposition that a party may establish its interest in the suit, and therefore, have standing to invoke the jurisdiction of the court when, at the time it files its complaint of foreclosure, it either (1) has had a mortgage assigned or (2) is the holder of the note.
>
> * * *
>
> Here, the record reflects that, unlike the plaintiffs in *Schwartzwald * * * *, CitiMortgage was the holder of the note at the time it filed the foreclosure action on September 20, 2006, based on CitiMortgage's possession of the bearer paper that secured the defendants' mortgage.  * * * As a holder, CitiMortgage was entitled to enforce the note, and thereby had a real interest in the subject matter of the instant foreclosure action.  *See* R.C. 1303.31(A)(1).

{¶12} The facts in the instant case necessitate the same result.[2]  Here, Third Federal demonstrated it was the "real party in interest" at the time it filed the complaint

---

[2]We note that Rains could have challenged standing when she filed her first appeal in *Rains I*, but she voluntarily dismissed her appeal.  The property was then sold at sheriff's sale and the trial court issued a confirmation of sale.  Rains appealed the confirmation order in *Rains II*.  In this appeal, Rains argued that the trial court erred in entering a confirmation of sale based on an earlier order of foreclosure that was not final and appealable.  We found that "Rains's voluntary dismissal [of the prior appeal] prevented this court from addressing the issue she now raises."  *Id*. at ¶ 9.  We also noted that Rains's failure to seek a stay has rendered her appeal of the confirmation of sale moot because the property has been

when it attached an unendorsed copy of Note A made payable to Third Federal. This demonstrates that at the time Third Federal filed the action it was the current note holder.

{¶13} Moreover, Third Federal continued to have standing, even if we were to consider the"endorsed in blank" version of Note A Rains attached to her brief in opposition to summary judgment and her motion to vacate a void judgment. Under R.C. 1303.25(B), when an instrument is endorsed in blank, the instrument becomes payable to the bearer and may be negotiated by transfer of possession alone.[3] The affidavit of James Adamcik, legal analyst for Third Federal, that was attached to its motion for summary judgment establishes that Third Federal is and was, prior to the filing of its complaint, in possession of both Notes A and B.

{¶14} Based on the foregoing, Third Federal lawfully invoked the trial court's jurisdiction. Therefore, the trial court properly denied Rains's motion to vacate a void judgment. *See Hentley*, 8th Dist. Cuyahoga No. 99252, 2013-Ohio-3150, at ¶ 26, citing *Deutsche Bank Natl. Trust Co. v. Ingle*, 8th Dist. Cuyahoga No. 92487, 2009-Ohio-3886, ¶ 18; *United States Bank N.A. v. Higgins*, 2d Dist. Montgomery No. 24963,

---

sold and the deed has been recorded — the order of confirmation has been carried out to its fullest extent. *Id.* at ¶ 13. Notably, she did not argue that Third Federal lacked standing even though she had argued it in her brief in opposition to Third Federal's motion for summary judgment.

[3]Pursuant to R.C. 1303.25(B) a "'[b]lank indorsement' means an instrument that is made by the holder of the instrument and that is not a special indorsement. When an instrument is indorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed."

2012-Ohio-4086, ¶ 21; *Deutsche Bank Natl. Trust Co. v. Doucet*, 10th Dist. Franklin No. 07AP-453, 2008-Ohio-589, ¶ 11-12.

**{¶15}** Accordingly, the sole assignment of error is overruled.

**{¶16}** Judgment is affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY EILEEN KILBANE, JUDGE

KENNETH A. ROCCO, P.J., and
TIM McCORMACK, J., CONCUR