[Cite as *Bank of Am., N.A. v. Farris*, 2015-Ohio-4980.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102256**

## BANK OF AMERICA, NA

PLAINTIFF-APPELLEE

vs.

## LOUIS N. FARRIS, SR., ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-783480

**BEFORE:** Blackmon, J., E.T. Gallagher, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 3, 2015

**ATTORNEYS FOR APPELLANTS**

Marc E. Dann
Paul B. Bellamy
Grace Mary Doberdruk
James R. Douglass
Daniel M. Solar
The Dann Law Firm Co., L.P.A.
P.O. Box 6031040
Cleveland, Ohio 44103


**ATTORNEYS FOR APPELLEE**

**For Bank of America**

Kathleen A. Nitschke
Sikora Law L.L.C.
8532 Mentor Avenue
Mentor, Ohio 44060

Christopher G. Phillips
Wiles, Boyle, Burkholder & Bringardner Co.
300 Spruce Street, Floor One
Columbus, Ohio 43215

Edward A. Proctor
Lauren C. Tompkins
Giffen & Kaminski, L.L.C.
1300 East Ninth Street, Suite 1600
Cleveland, Ohio 44114

**For National City Bank**

National City Bank
One PNC Plaza
249 E. 5th Avenue
Pittsburgh, Ohio 15222

**For the Ohio Department of Taxation**

Mike DeWine
Ohio Attorney General

By:   Nicole R. Randall
Assistant Attorney General
150 East Gay Street, 21st Floor
Columbus, Ohio 43215

PATRICIA ANN BLACKMON, J.:

**{¶1}** Appellants Louis N. Farris, Sr., Corrine R. Farris, Louis N. Farris, Jr., Surinda V. Farris, and James Anter (hereinafter referred to collectively as "the Farrises") appeal the trial court's order granting summary judgment in favor of appellee Bank of America ("BOA") regarding the foreclosure of their property and assign the following errors for our review:

> I.   It was reversible error for the trial court to grant Bank of America summary judgment when there were multiple substantial and contradictory questions of fact created by Bank of America's own evidence, concerning its ownership of the Farris loan and its standing to bring this action against the defendants.

> II.   It was reversible error for the trial court to grant Bank of America summary judgment when the bank's own evidence demonstrated that Bank of America did not own the defendants' loan because the indorsed-in-blank note supporting the mortgage was never possessed by Bank of America, and therefore never transferred to Bank of America and therefore never owned by Bank of America.   Negotiating a bearer instrument by possession is a function that R.C. 1303.22 explicitly prohibits from being delegated to or accomplished by agents.

> III.   It was reversible error for the trial court to grant Bank of America summary judgment when Bank of America was not the original mortgagee, and failed to prove the chain of assignments and transfers that would assure defendant-appellants they would not be held liable by another party seeking to enforce the same note and mortgage.

**{¶2}** After reviewing the record and relevant law, we affirm the trial court's decision.   The apposite facts follow.

**{¶3}** On October 15, 1985, the Farrises purchased the property located at 6644 Kingscote Park, Independence, Ohio, which includes the following parcels of land: 563-25-25, 563-25-26, 563-25-27.   On December 14, 2005, Louis Farris, Sr. and Corrine Farris borrowed $1,495,000 from Washington Mutual Bank ("WaMu")  evidenced by a

promissory note and secured by a mortgage on the Kingcote property. The note was indorsed in blank. On December 19, 2005, the mortgage was recorded in favor of WaMu with the Cuyahoga County Recorder's Office. JP Morgan Chase Bank, N.A. ("Chase") was, and currently continues to be, the servicer for the Farris loan.

{¶4} In September 2008, WaMu ceased operations, and its assets were seized and placed into a receivership of the Federal Deposit Insurance Corporation ("FDIC"). The FDIC subsequently sold WaMu's accounts to Chase. On March 1, 2011, the Farrises defaulted on the terms of the note and mortgage.

{¶5} On March 29, 2012, Chase assigned the mortgage to BOA, and on April 9, 2012, an assignment to BOA was recorded with the Cuyahoga County Recorder's Office by Chase. Chase, however, remains the servicer of the loan on behalf of BOA.

{¶6} On May 25, 2012, BOA filed a complaint for foreclosure against the Farrises. BOA maintained that it was the holder of the note and was entitled to enforce the note in accordance with R.C. 1303.22, 1303.25, and 1303.01. BOA also asserted that it was the first and best lien against the property. Attached to the complaint was a copy of the note indorsed in blank and the mortgage.

{¶7} The Farrises filed a motion to dismiss arguing that BOA had failed to prove it had standing to file the foreclosure action. The trial court denied the motion to dismiss; subsequently, the Farrises filed an answer along with counterclaims for violation of the Fair Debt Collection Practices Act, invasion of privacy, violation of the Ohio

Consumer Sales Practices Act, and fraud.[1]  On October 15, 2013, BOA filed a motion to dismiss the counterclaims, which was granted as to the Farrises' claim for invasion of privacy.

**{¶8}** On February 14, 2014, BOA filed a motion for summary judgment on its foreclosure claim and the remaining cross-claims.  In support of its motion, BOA submitted, along with the relevant documents, the affidavit of Samuel B. Muller, a vice president of JPMorgan Chase.  Muller averred that Chase was a servicer and agent for BOA regarding a note executed by Louis N. Farris, Sr. and Corrine R. Farris, and secured by a mortgage on the Kingscote Park property. Muller alleged that the note and mortgage were in default.  Within the affidavit, Muller averred that he made the affidavit based on his review of Chase's business records.

**{¶9}** BOA also attached the affidavit of Jennifer Sanclemente, an assistant secretary of Chase.  Sanclemente averred that she reviewed copies of the original note and mortgage and that Chase, as servicer for BOA, has been in the possession of the original note and mortgage since July 18, 2009.  She averred that the mortgage was assigned to BOA on March 29, 2012.  She also averred that the original note, mortgage, and assignment were in the possession of counsel for BOA.

**{¶10}** On March 20, 2014, the Farrises filed a motion in opposition and a cross-motion for summary judgment and argued that BOA lacked standing to file the

---

[1]The Farrises do not appeal the trial court's grant of summary judgment in BOA's favor regarding the counterclaims.

complaint. In response, BOA attached a supplemental affidavit by Clemente to its motion in opposition to the Farrises' motion. Clemente added that prior to the filing of the complaint, BOA was, and currently is, the owner of the note and mortgage and that the acceleration of payment warning letters sent on March 31, 2011 and March 29, 2012, were sent by Chase on behalf of BOA.

{¶11} In a seven-page opinion, the trial court granted summary judgment in favor of BOA on the foreclosure action and the Farrises' remaining counterclaims. As to the foreclosure action, the trial court specifically held:

> The Sanclemente Affidavits and the Mueller Affidavit conclusively establish that BOA: 1) had standing to bring this action; 2) that it was and is currently the holder of the Note and Mortgage at the time of the filing of the complaint; 3) that the conditions precedents have been met and; 4) that Farris is in default and has failed to cure that default. Conversely, Farris failed to submit any competent evidence to refute BOA's evidence.
>
> * * *
>
> The court finds that said Mortgage was assigned from JPMorgan Chase Bank National Association Successor in Interest by Purchase from the FDIC as Receiver of Washington Mutual Bank F/K/A Washington Mutual Bank FA to BOA by Assignment of Mortgage and that BOA is the party entitled to enforce the Note and Mortgage. That said conditions in the Note and Mortgage have been broken, and the same has become absolute,

and BOA is entitled to have the equity of redemption in and to the said premises foreclosed. Therefore, the court finds that BOA is entitled to judgment and decree in foreclosure.

Journal Entry, Nov. 4, 2014, at 3.

## Standard of Review

{¶12} We review an appeal from summary judgment under a de novo standard of review. *Baiko v. Mays*, 140 Ohio App.3d 1, 746 N.E.2d 618 (8th Dist.2000), citing *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987); *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 699 N.E.2d 534 (8th Dist.1997). Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.

{¶13} Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party.

{¶14} To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present "evidentiary-quality materials" establishing: (1) that the plaintiff is the holder of the note and mortgage or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) that the mortgagor is in default; (4) that all conditions precedent have been met; and (5)

the amount of principal and interest due. *HSBC Bank USA, N.A. v. Surrarrer*, 8th Dist. Cuyahoga No. 100039, 2013-Ohio-5594, ¶ 16, citing *U.S. Bank, N.A. v. Adams*, 6th Dist. Erie No. E-11-070, 2012-Ohio-6253, ¶ 10.

## Inconsistent Affidavits

{¶15} In their first assigned error, the Farrises argue that the trial court erred by granting BOA's motion for summary judgment because Clemente's affidavits create conflicting evidence regarding whether Chase ever owned the Farrises's loan in spite of being in possession of the note and mortgage.

{¶16} The Farrises contend that in her first affidavit, Sanclemente averred that Chase acquired certain assets and liabilities of WaMu from the FDIC, including the Farrises' "note and mortgage." The Farrises contend that in Sanclemente's supplemental affidavit, she stated that Chase purchased the mortgage "servicing rights" from the FDIC and does not mention the note and mortgage as she did in the first affidavit.[2] Thus, the Farrises' contend that because Chase did not actually own the note and mortgage it could not assign its interest to BOA.

{¶17} Our review of the affidavits shows that the affidavits did not create conflicting evidence whether BOA was the "holder" of the note at the time the foreclosure complaint was filed. Because the note was indorsed in blank, "ownership"

---

[2] We note that BOA, pursuant to Civ.R. 56(E), was permitted to file a supplemental affidavit because it was filed in response to the Farrises' cross-motion for summary judgment. This was not a case where the movant filed an additional supplemental affidavit in response to a reply brief by the nonmovant.

becomes irrelevant. When an instrument is indorsed in blank, the instrument becomes payable to the bearer and may be negotiated by transfer of possession alone until specifically indorsed. R.C. 1303.25(B). The law in Ohio is that the physical transfer of a note indorsed in blank, which the mortgage secures, "constitutes an equitable assignment of the mortgage, regardless of whether the mortgage is actually (or validly) assigned or delivered." *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 65. Both of Clemente's affidavits established that the original note was never out of BOA's constructive or legal possession. Accordingly, the Farrises' first assigned error is overruled.

## Standing

{¶18} In the second assigned error, the Farrises argue that the trial court should have dismissed the action because since there is was no evidence that BOA had actual possession of the note, BOA did not have standing.

{¶19} In order to commence an action, a party must have standing, which requires "some real interest in the subject matter of the action." *Surrarrer*, 8th Dist. Cuyahoga No. 100039, 2013-Ohio-5594 at ¶ 8, citing *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas*, 35 Ohio St.2d 176, 179, 298 N.E.2d 515 (1973). Civ.R. 17(A) provides that a complaint be brought in the name of the real party in interest. Whether standing has affirmatively been established is a question of law subject to our de novo review.

*Surrarrer* at ¶ 8, citing *Deutsche Bank Natl. Trust Co. v. Rudolph*, 8th Dist. Cuyahoga No. 98383, 2012-Ohio-6141, ¶ 16.

**{¶20}** A party may establish its interest in the suit, and thus have standing, when, at the time it files its complaint of foreclosure, it either (1) has had a mortgage assigned or (2) is the holder of the note. *CitiMortgage, Inc. v. Patterson*, 8th Dist. Cuyahoga No. 98360, 2012-Ohio-5894, ¶ 21, citing *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214.

**{¶21}** There are two ways that a party can become the holder of a negotiable instrument. R.C. 1303.25. One way is by specific endorsement to an identified payee. R.C. 1303.25(A). The other way is by holding the negotiable instrument while it is indorsed in blank. R.C. 1303.25(B). Thus, pursuant to R.C. 1303.25(B), when the note is indorsed in blank, like the instant case, the instrument becomes payable to the bearer and may be negotiated by transfer and possession alone. *Third Fed. S & L Assn. of Cleveland v. Reids*, 8th Dist. Cuyahoga No. 99650, 2013-Ohio-4602.

**{¶22}** It is undisputed that Chase, who services the loan on behalf of BOA, had physical possession of the note and mortgage, which it later gave to BOA's counsel for purposes of the foreclosure action. Ohio courts have held that a bank has standing to bring an action in foreclosure when the servicer, on behalf of the bank, is in physical possession of the note and mortgage. *See Wells Fargo Bank, N.A. v. Odita*, 10th Dist. Franklin No. 13AP-663, 2014-Ohio-2540; *Freedom Mtge. Corp. v. Vitale*, 5th Dist. Tuscarawas No. 2013 AP 08 0037, 2014-Ohio-1549; *U.S. Bank, N.A. v. Gray*, 10th Dist.

Franklin No. 12AP953, 2013-Ohio-3340, ¶ 25-30; *U.S. Bank, N.A. v. Zokle*, 6th Dist. Erie No. E-13-033, 2014-Ohio-636. In such situations, the bank has constructive possession of the note and mortgage.

**{¶23}** We further find that even if BOA was not in possession of the note at the time the complaint was filed, the assignment of the mortgage is sufficient to transfer both the note and the mortgage. As we stated above, attached to the complaint and BOA's motion for summary judgment is a copy of the assignment of the mortgage from Chase to BOA; therefore, there is no question that BOA has been assigned the mortgage. In *Bank of Am. v. Adams*, 8th Dist. Cuyahoga No. 101056, 2015-Ohio-675, we held:

> [I]n most cases the mortgage follows the note. Section 5.4(b) of Restatement of Law 3d, Property and Mortgages (1997) 380, states that the assignment of a mortgage, in conjunction with interlocking references in the mortgage and the note, transfers the note as well as well as the mortgage. *See also Bank of N.Y. v. Dobbs*, 5th Dist. Knox No. 2009-CA-002, 2009-Ohio-4742, ¶ 17-41, appeal not allowed, 124 Ohio St.3d 1444, 2010-Ohio-188, 920 N.E.2d 374 (holding that the assignment of the mortgage, without the express transfer of the note, is sufficient to transfer both the note and mortgage if the record indicates that the parties intended to transfer both the note and mortgage).

*Id.* at ¶ 11.

**{¶24}** In the instant case, the note is secured by the mortgage. The note dated December 14, 2005 provides, "in return for a loan that I have received, I promise to pay U.S. $1,495,000 plus interest, to the order of Lender." Further, the note on page four states, "In addition to the protection given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the 'Security Instrument') dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note." The Security Instrument contained a mortgage, signed on December 14, 2005, and provides on page two, "This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions, and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note."

**{¶25}** Thus, the note refers to the mortgage and the mortgage refers to the note. We find a clear intent by the parties to keep the note and mortgage together rather than transferring the mortgage alone. Since the mortgage assignment was recorded on March 29, 2012, prior to the filing of the complaint on May 25, 2012, the note was effectively transferred on that date. Thus, the fact that BOA was assigned the mortgage gives it standing to enforce the note. Accordingly, there are no genuine issues of material fact as to whether BOA is the real party in interest with standing to pursue this foreclosure action. The Farrises' second assigned error is overruled.

**Chain of Title**

{¶26} In the third assigned error, the Farrises argues that because BOA was not the original mortgagee, it had to establish chain of title regarding how it became owner of the note and mortgage, and, that it failed to do so.

{¶27} As we stated above, BOA is the holder of the note, which was indorsed in blank. Therefore, because the note was indorsed in blank, defenses relating to chain of title are null and inapplicable, because it is immaterial how the person became the holder of the note. *Bank of N.Y. Mellon v. Froimson*, 8th Dist. Cuyahoga No. 99443, 2013-Ohio-5574.

{¶28} As we also held above, BOA has provided evidence that it received the mortgage through an assignment by Chase several months prior to the filing to the foreclosure complaint. The Farrises contend there are problems with the validity of the assignment because there is no evidence how Chase received the Farrises' mortgage from WaMu because a schedule of the assets that Chase received from the FDIC was not presented. However, the Farrises have no standing to contest the assignment of the mortgage between Chase and BOA. *Everbank v. Katz*, 8th Dist. Cuyahoga No. 100603, 2014-Ohio-4080, ¶ 8, citing *Froimson* and *Bank of N.Y. Mellon Trust Co. v. Unger*, 8th Dist. Cuyahoga No. 97315, 2012-Ohio-1950, ¶ 35. Accordingly, the Farrises' third assigned error is overruled.

{¶29} Judgment affirmed.

It is ordered that appellee recover from appellants its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

EILEEN T. GALLAGHER, P.J., and
SEAN C. GALLAGHER, J., CONCUR