[Cite as *U.S. Bank Natl. Assn. v. Stallman*, 2016-Ohio-22.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102732**

# U.S. BANK NATIONAL ASSOCIATION

PLAINTIFF-APPELLEE

vs.

# JAMES J. STALLMAN, ET AL.

DEFENDANTS-APPELLANTS

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-812128

**BEFORE:** Kilbane, P.J., McCormack, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 7, 2016

**ATTORNEY FOR APPELLANT**

Sam Thomas, III
1510 East 191 Street
Euclid, Ohio 44117


**ATTORNEYS FOR APPELLEE**

Matthew J. Richardson
David B. Bokor
John E. Codrea
Justin M. Ritch
Matthew P. Curry
Manley, Deas & Kochalski L.L.C.
P.O. Box165028
Columbus, Ohio 43216

MARY EILEEN KILBANE, J.:

**{¶1}** Defendant-appellant, James J. Stallman ("Stallman"), appeals from the trial court's judgment adopting the magistrate's decision granting summary judgment in the foreclosure action brought by U.S. Bank National Association, as Trustee for JP Morgan Mortgage Acquisition Trust 2006-CW2 ("U.S. Bank"). For the reasons set forth below, we affirm.

**{¶2}** In August 2013, U.S. Bank filed a foreclosure action against Stallman and his wife, alleging that they are in default on a mortgage and note for their home in North Olmsted, Ohio. U.S. Bank alleges that the Stallmans owe $165,473.43, plus interest and late charges from June 1, 2008. U.S. Bank further alleges that it is entitled to enforce the note pursuant to R.C. 1303.31.

**{¶3}** U.S. Bank attached a copy of the note and mortgage to its complaint. The note was made in favor of Countrywide Home Loans, Inc. ("Countrywide"). On the signature page of the note, there is a stamp that reads "pay to the order of _____ without recourse," which is signed by David Spector of Countrywide. U.S. Bank attached an allonge, in which Countrywide indorsed the note to U.S Bank in May 2006. Also attached was a copy of a mortgage assignment from Mortgage Electronic Registration System ("MERS") as nominee for Countrywide to U.S. Bank in 2010. In response to the complaint, the Stallmans filed an answer, asserting that U.S. Bank lacks standing to bring the lawsuit and is not the real party in interest, and U.S.

Bank failed to satisfy all conditions precedent, including the notice and acceleration provisions.

{¶4} In November 2013, U.S. Bank moved for summary judgment. In support of its motion, U.S. Bank attached an affidavit from Leanna Johnstun ("Johnstun") alleging default. Johnstun is the document control officer of U.S. Bank's servicer, Select Portfolio Servicing, Inc. ("Select"). Also attached were copies of letters to the Stallmans notifying them that they were in default, the promissory note and mortgage, the assignment of mortgage from MERS to U.S. Bank, a power of attorney in favor of Bank of America, N.A. relating to U.S. Bank, and a power of attorney in favor of Select from Bank of America, N.A.

{¶5} The Stallmans opposed U.S. Bank's motion, challenging the validity of the documents attached to U.S. Bank's motion for summary judgment. They argued that Johnstun's affidavit did not state "with any clarity who the actual holder of the 'original Note' is nor the location of the 'original Note.'" The Stallmans further argued that Johnstun's affidavit was "robo-signed" and the mortgage assignment from Countrywide to U.S. Bank was "notarized by someone likely to be an employee of Lerner, Sampson & Rothfuss in Columbus, Ohio" whereas MERS's office is in Florida.

{¶6} After summary judgment was fully briefed, the trial court stayed the matter in January 2014, so the parties could mediate their dispute. On October 2, 20l4, the trial court concluded that mediation was unsuccessful and lifted the stay. Thereafter, the magistrate granted U.S. Bank's summary judgment motion. The Stallmans objected to

the magistrates decision, raising arguments similar to those made in their brief in opposition to U.S. Bank's summary judgment motion. The Stallmans also argued that MERS lacked the legal authority to transfer interests in the note and mortgage, and Johnstun testified on the basis of hearsay and did not authenticate the documents attached to the summary judgment motion. The trial court overruled the Stallmans' objections and adopted the magistrate's decision in December 2014.

{¶7} On January 7, 2015, the magistrate issued another decision on the matter in favor of U.S. Bank. The Stallmans filed objections to this decision, which the trial court overruled. The trial court adopted the magistrate's decision and issued a decree in foreclosure.

{¶8} Stallman now appeals, assigning the following three assignments of error for review, which shall be discussed together.

### Assignment of Error One

Reviewing [U.S. Bank's] motion for summary judgment *de novo*, the record is clear and convincing that the trial court erred to the prejudice of [Stallman] by granting [U.S. Bank's] motion for summary judgment in favor of [U.S. Bank].

### Assignment of Error Two

The trial court erred to the prejudice of [Stallman] by granting [U.S. Bank's] motion for summary judgment based upon the presence of genuine issues of material fact regarding [U.S. Bank's] failure to establish satisfaction of all conditions precedent to institute the foreclosure action.

### Assignment of Error Three

The trial court erred to the prejudice of [Stallman] by granting [U.S. Bank's] motion for summary judgment based upon the presence of genuine

issues of material fact regarding [U.S. Bank's] failure to provide sufficient evidence of entitlement to foreclosure and/or damages.

{¶9} Within these assigned errors, Stallman challenges the trial court's grant of summary judgment in U.S. Bank's favor. We review an appeal from summary judgment under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241; *Zemcik v. LaPine Truck Sales & Equip. Co.*, 124 Ohio App.3d 581, 585, 706 N.E.2d 860 (8th Dist.1997). In *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, 696 N.E.2d 201, the Ohio Supreme Court set forth the appropriate test as follows:

> Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264.

{¶10} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.

**{¶11}** To prevail on a motion for summary judgment claim in a foreclosure action, the plaintiff must prove

> (1) that the plaintiff is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) that the mortgagor is in default; (4) that all conditions precedent have been met; and (5) the amount of principal and interest due.

*Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 17.

**{¶12}** Stallman argues that U.S. Bank's motion for summary judgment fails because: (1) Johnstun's affidavit failed to establish she had "personal knowledge of the matter;" (2) U.S. Bank did not demonstrate that it has standing and is the real party in interest; (3) U.S. Bank did not demonstrate that it gave Stallman prior notice of default and acceleration as required by the mortgage; and (4) U.S. Bank did not submit "a competent, credible 'payment history.'"

### Johnstun Affidavit

**{¶13}** In the instant case, U.S. Bank supported its summary judgment motion with an affidavit from Johnstun, a document control officer of Select, its servicer. The affidavit begins with a statement by Johnstun indicating that she, "being first duly sworn according to law, deposes and says on the basis of personal knowledge[.]" As a document control officer, she is authorized to make the certification on U.S. Bank's behalf. Johnstun averred to her familiarity with Select's record keeping system and the Stallmans' specific loan records. She stated the statements she made in the affidavit are

based upon her personal knowledge of the Stallmans' records and how those records are maintained. Johnstun authenticated the note, mortgage, and default notice letter. She further averred that U.S. Bank was the holder of the mortgage and note, the loan was in default, the Stallmans had been provided notice of the default by letter sent to them, and the Stallmans owe $165,473.43, plus interest and late charges from June 1, 2008.

{¶14} Civ.R. 56(E) sets forth the requirements for affidavits submitted with motions for summary judgment. It provides in relevant part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit.

{¶15} Under Civ.R. 56(E ), a summary judgment affiant in a foreclosure action testifies on the basis of personal knowledge with a "specific averment" that the affidavit is made on the basis of personal knowledge and pertains to business. *Nationstar Mtg., L.L.C. v. Wagener*, 8th Dist. Cuyahoga No. 101280, 2015-Ohio-1289, ¶26, citing *Najar,* 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657. In *Najar*, we stated:

> "Unless controverted by other evidence, a specific averment that an affidavit pertaining to business is made upon personal knowledge of the affiant satisfies the Civ.R. 56(E) requirement that affidavits both in support or in opposition to motions for summary judgment show that the affiant is competent to testify to the matters stated." *Bank One, N.A. v. Swartz*, 9th Dist. No. 03CA008308, 2004-Ohio-1986, ¶ 14, citing *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 423 N.E.2d 105 (1981), paragraph two of the syllabus. Where an affiant avers that he or she has personal knowledge

of a transaction "this fact cannot be disputed absent evidence to the contrary." *Household Realty Corp. v. Henes*, 8th Dist. No. 89516, 2007-Ohio-5846, ¶ 12, citing *Papadelis v. First Am. Sav. Bank*, 112 Ohio App.3d 576, 579, 679 N.E.2d 356 (8th Dist.1996). Similarly, verification of documents attached to an affidavit supporting or opposing a motion for summary judgment is generally satisfied by an appropriate averment in the affidavit itself, for example, that "such copies are true copies and reproductions." *Seminatore* at paragraph three of the syllabus.

*Id.* at ¶ 20.

{¶16} Here, Johnstun's affidavit demonstrates her personal knowledge to testify. Her affidavit specifically states that her averments were on the basis of personal knowledge, her direct familiarity with the record keeping system utilized by Select, and her direct familiarity with the records in that system related to the Stallmans' loan. Stallman did not attempt to refute this by producing any admissible evidence. Accordingly, Johnstun's affidavit was based on personal knowledge and complied with Civ.R. 56(E).

Standing

{¶17} In order to commence an action, a party must have standing, which requires "'some real interest in the subject matter of the action.'" *HSBC Bank USA, N.A. v. Surrarrer*, 8th Dist. Cuyahoga No. 100039, 2013-Ohio-5594, ¶ 8, quoting *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas*, 35 Ohio St.2d 176, 298 N.E.2d 515 (1973). Civ.R. 17(A) provides that a complaint must be brought in the name of the real party in interest. Whether standing has affirmatively been established is a question of law subject to de novo review. *Id.*, citing *Deutsche Bank Natl. Trust Co. v. Rudolph*, 8th Dist. Cuyahoga No. 98383, 2012-Ohio-6141.

{¶18} A party establishes its interest in the suit and has standing when, at the time it files its foreclosure complaint, it either (1) has had a mortgage assigned or (2) is the holder of the note. *CitiMortgage, Inc. v. Patterson*, 8th Dist. Cuyahoga No. 98360, 2012-Ohio-5894, 984 N.E.2d 392, ¶ 21, citing *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214.

{¶19} A party can become the holder of a negotiable instrument by specific endorsement to an identified payee or by holding the negotiable instrument while it is indorsed in blank. R.C. 1303.25(A)-(B). When the note is indorsed in blank, the instrument becomes payable to the bearer and may be negotiated by transfer and possession alone. R.C. 1303.25(B); *Bank of Am., N.A. v. Farris*, 8th Dist. Cuyahoga No. 102256, 2015-Ohio-4980, ¶ 21, citing *Third Fed. S & L Assn. of Cleveland v. Reids*, 8th Dist. Cuyahoga No. 99650, 2013-Ohio-4602.

{¶20} A review of the record in the instant case reveals that U.S. Bank had an interest in the note and mortgage. U.S. Bank had been assigned the mortgage three years before the complaint was filed. Additionally, Countrywide had indorsed the note both in blank and specifically to U.S. Bank before the complaint was filed. Therefore, U.S. Bank has standing to bring the foreclosure action against the Stallmans.

Conditions Precedent

{¶21} "This court has held that a term in a mortgage such as one requiring prior notice of default or acceleration to the mortgagor is a condition precedent subject to the requirements of Civ.R. 9(C)." *Secy. of Veterans Affairs v. Anderson*, 2014-Ohio-3493,

17 N.E.3d 1202, ¶ 15 (8th Dist.), citing *Bank of Am., N.A. v. Pate*, 8th Dist. Cuyahoga No. 100157, 2014-Ohio-1078; *Puzzitiello v. Metro. Savs. Bank*, 8th Dist. Cuyahoga No. 71814, 1997 Ohio App. LEXIS 5105 (Nov. 13, 1997).

**{¶22}** Here, Johnstun stated in her affidavit that the Stallmans were in default and that all conditions precedent had been met.   U.S. Bank attached two letters notifying the Stallmans of the default, the amount necessary to cure the default, the possible acceleration of the loan if the default was not cured, and provided them with the opportunity to cure the default.   U.S. Bank produced one letter from the Stallmans' prior servicer, Countrywide, and from the current servicer, Select.   In opposition, the Stallmans averred that they did not receive notice of the deficiency.   This court has stated that when the bank produces evidence that a notice was "sent" and the mortgage does not require the bank to show receipt of notice, the borrower's affidavit stating he did not receive the notice does not create a genuine issue for trial.   *N.Y. Life Ins. & Annuity v. Vengal,* 2014-Ohio-4798, 23 N.E.3d 180, ¶ 16-17 (8th Dist.).   Thus based on the foregoing, we find no issue of fact existed as to whether conditions precedent were satisfied.

Payment History

**{¶23}** We recognize that "[t]here is no requirement that a plaintiff provide a complete 'payment history' in order to establish its entitlement to summary judgment in a foreclosure action."   *Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, at ¶ 40, citing *Cent. Mtge. Co. v. Elia,* 9th Dist. No. 25505, 2011-Ohio-3188, ¶ 7 ("'An affidavit

stating [a] loan is in default, is sufficient for purposes of Civ.R. 56, in the absence of evidence controverting those averments.'"), quoting *Bank One, N.A. v. Swartz*, 9th Dist. Lorain No. 03CA008308, 2004-Ohio-1986, ¶ 14.

{¶24} In the instant case, Johnstun averred to all of the facts necessary to establish U.S. Bank's right to the amount due — the principal balance due, the applicable interest rate, and date from which interest was due. Stallman did not present any evidence controverting these averments. Accordingly, Johnstun's affidavit and supporting documents were sufficient to meet U.S. Bank's burden.

{¶25} In light of the foregoing, we find the trial court properly adopted the magistrate's decision granting summary judgment in U.S. Bank's favor.

{¶26} Accordingly, the first, second, and third assignments of error are overruled.

{¶27} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

TIM McCORMACK, J., and
EILEEN T. GALLAGHER, J., CONCUR